# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| **KOBACE LLC,**<br><br>  Plaintiff,<br><br>  v.<br><br>**DESE ENTERPRISE, INC. D/B/A AMICLUBWEAR,**<br><br>  Defendant. | CIVIL ACTION NO 6:16-cv-292<br><br>JURY TRIAL DEMANDED |

## ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

1. This is an action for patent infringement in which Kobace LLC makes the following allegations against Dese Enterprise Inc. dba Amiclubwear.

## PARTIES

2. Plaintiff Kobace LLC ("Plaintiff" or "Kobace") is a Texas limited liability company with its principal place of business at 205 E. Commerce Suite 210-A, Jacksonville, Texas 75766.

3. On information and belief, Dese Enterprise Inc. dba Amiclubwear ("Defendant") is a corporation organized and existing under the laws of the State of California, with its principal place of business at 13001 Temple Ave, City of Industry, CA 91746.

## JURISDICTION AND VENUE

4. This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. Venue is proper in this district under 28 U.S.C. §§ 1391(c) and 1400(b). On information and belief, Defendant has transacted business in this district, and has committed and/or induced acts of patent infringement in this district.

6. On information and belief, Defendant is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

## COUNT I
## INFRINGEMENT OF U.S. PATENT NO. 8,626,818

7. Plaintiff is the owner of United States Patent No. 8,626,818 ("the '818 patent") entitled "System and Method for Generating User Contexts for Targeted Advertising." The '818 Patent issued on January 7, 2014. A true and correct copy of the '818 Patent is attached as Exhibit A.

8. Defendant owns, uses, operates, advertises, controls, sells, and otherwise provides products and/or services that infringe the '818 patent. The '818 patent provides, among other things, "[a] method of generating user contexts, to enable context sensitive advertising, by encouraging users of a system to participate through different end points of the system and using information of user actions, information of user profile and information of user location to generate context, the method comprising: storing information about a plurality of users and their profiles at a central server by the system; allowing the users to engage in actions through a respective communication device at a plurality of end points of the system; registering information of the actions and the location of the actions performed by the users through the communication device at the central server; categorizing each of the actions in to at least one pre-defined business event information based on user behavior; generating contexts of the users by combining their profile information with the business event information; and choosing appropriate contexts by filtering the generated contexts based on a statistical analysis of previous history of the actions by users."

9. Defendant directly and/or through intermediaries, made, has made, used, imported, provided, supplied, distributed, sold, and/or offered for sale products and/or services that infringed one or more claims of the '818 patent, including at least Claim 1, in this district and elsewhere in the United States. Particularly, the Defendant's website, amiclubwear.com,

utilizes a method of generating user contexts, to enable context sensitive advertising, by encouraging users of a system to participate through different end points of the system and using information of user actions, information of user profile and information of user location to generate context. By making, using, importing, offering for sale, and/or selling such products and services, and all like products and services, Defendant has injured Plaintiff and is thus liable for infringement of the '818 patent pursuant to 35 U.S.C. § 271.

10. Based on present information and belief, amiclubwear.com stores information about a plurality of users (customers who sign up or log in at amiclubwear.com) and their profiles at a central server. Amiclubwear.com allows users to "create an account." On information and belief, this information and their profiles are stored at a central server by the system.

11. Based on present information and belief, amiclubwear.com allows the users to engage in actions through a respective communication device at a plurality of end points of the system. By way of example, amiclubwear.com allows the users to engage in actions such as using a promotion code at the billing desk of selected products or product of user's choice, viewing items for sale, and adding those items for sale to the user's "Cart." amiclubwear.com allows this through the use of a mobile or any other handheld device at a plurality of end points of the system. Without limitation, examples of the end points include the webpages containing advertisements with promotional codes, webpages listing items for sale, and the "Shopping Cart" webpages.

12. Based on information and belief, amiclubwear.com registers information of the action and the location of the actions performed by the users through the communication device at the central server. By way of example, amiclubwear.com registers the information of the action (e.g. Using promotional code at the billing desk of selected products or product of user's choice, viewing items for sale, and adding those items for sale to the user's "Cart") and the location of the actions performed by the users through their mobile or handheld device, at the central server. Specifically, without limitation, amiclubwear.com registers location information is through location information entered into the profile.

13. Based on present information and belief, amiclubwear.com categorizes each of the actions (e.g. Using promotional code at the billing desk of selected products or product of user's choice, viewing items for sale, and adding those items for sale to the user's "Cart") in to at


least one pre-defined business event (pre-defined categories for product classification) information based on user behavior.

14. Based on present information and belief, when a user of amiclubwear.com logs into their account and views their account page, contexts (in this case, promotional messages) that are generated by amiclubwear.com are shown to the user. These contexts are created by combining profile information with business event information.

15. Based on information and belief, amiclubwear.com chooses appropriate contexts by filtering the generated contexts based on a statistical analysis of previous history of the actions by users. By way of example, amiclubwear.com chooses appropriate contexts (promotional messages such as "Recently Viewed" and a banner advertisement advocating use of a promotional code) based on a statistical analysis of previous history, which on information and belief, includes, without limitation, products viewed by the user, purchased by the user, or frequency of visiting the website or shopping through amiclubwear.com.

16. In the alternative, because the manner of use by Defendant differs in no substantial way from language of the claims, if Defendant is not found to literally infringe, Defendant infringes under the doctrine of equivalents.

17. Defendant's aforesaid activities have been without authority and/or license from Plaintiff.

18. In addition to what is required for pleadings in patent cases, and to the extent any marking was required by 35 U.S.C. § 287, Plaintiff and all predecessors in interest to the '818 Patent complied with all marking requirements under 35 U.S.C. § 287.

19. Plaintiff is entitled to recover from Defendant the damages sustained by Plaintiff as a result of the Defendant's wrongful acts in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter:

1. A judgment in favor of Plaintiff that Defendant has infringed the '818 Patent;

2. A judgment and order requiring Defendant to pay Plaintiff its damages, costs, expenses, and prejudgment and post-judgment interest for Defendant's infringement of the '818 Patent as provided under 35 U.S.C. § 284;

3. An award to Plaintiff for enhanced damages resulting from the knowing, deliberate, and willful nature of Defendant's prohibited conduct with notice being made at least as early as the date of the filing of this Complaint, as provided under 35 U.S.C. § 284;

4. A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Plaintiff its reasonable attorneys' fees; and

5. Any and all other relief to which Plaintiff may show itself to be entitled.

## DEMAND FOR JURY TRIAL

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

Respectfully Submitted,

**KOBACE LLC**

Dated:  April 6, 2016

By: */s/ Papool S. Chaudhari*
_____
Papool S. Chaudhari
Texas State Bar No. 24076978
Chaudhari Law, PLLC
P.O. Box 1863
Wylie, Texas 75098
Phone: (214) 702-1150
Fax: (214) 705-3775
Papool@ChaudhariLaw.com

**ATTORNEY FOR PLAINTIFF
KOBACE LLC**